**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DOUGLAS THIGPEN and MYRON ROCKETT,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| The City of Chicago, Chicago Police Officers Suzanne L. Niemoth, Star No. 17958, Nicholas K. Dedore, Star No. 6889, and Christian J. Silva, Star No. 17274, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No.:

Complaint for Violation of Civil Rights and Supplemental State Claims

**JURY DEMANDED**

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiffs DOUGLAS THIGPEN ("Thigpen") and MYRON ROCKETT (Rockett") (collectively "Plaintiffs") were and are citizens of the United States and were within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant Officers Suzanne L. Niemoth, Star No. 17958 ("Niemoth"), Nicholas K. Dedore, Star No. 6889 ("Dedore"), and Christian J. Silva, Star No. 17274 ("Silva") (collectively "Defendant Officers") were employed by the City of Chicago Police Department and acted under the color of state law and as the employees, agents, or

representatives of the City of Chicago Police Department. Plaintiffs are suing Defendant Officers in their individual capacities.

5. At all times mentioned herein, the City of Chicago ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about August 1, 2021, at all times material, Plaintiffs stepped out of Thigpen's lawfully parked motor vehicle on or around 1926 S. Harding Ave., Chicago, Illinois. They started walking away from the motor vehicle.

7. Moments later, Niemoth pulled up in a police vehicle behind Thigpen's lawfully parked motor vehicle.

8. Plaintiffs noticed Niemoth and returned to the said location to inform Niemoth that Thigpen's motor vehicle was legally parked.

9. Upon stepping out of the police vehicle, Niemoth called for backup.

10. Moments later, Dedore and Silva arrived at the scene, and upon arrival, Defendants immediately handcuffed Plaintiffs.

11. There was no legal cause to handcuff, detain, and/or arrest Plaintiffs.

12. Upon handcuffing Plaintiffs, Defendant Officers searched Plaintiffs' person but failed to find any contraband.

13. There was no legal cause to search Plaintiffs' person.

14. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiffs suffered significant injuries, including but not

limited to the loss of liberty, invasion of privacy, humiliation, and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

15. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and/or done with reckless indifference and callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16. By reason of the actions and/or omissions mentioned above by Defendant Officers, Plaintiffs retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendant Officers of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFFS AGAINST DEFENDANT OFFICERS FOR AN UNREASONABLE DETENTION AND/OR ARREST**

17. Plaintiffs hereby incorporate and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

18. Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

19. The arbitrary handcuffing, detention, and/or arrest of Plaintiffs violated their Constitutional Rights and were not authorized by law. Defendant Officers violated Plaintiffs' rights by unlawfully handcuffing, detaining, and/or arresting Plaintiffs without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated the Plaintiffs' rights. Accordingly, Defendant Officers are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFFS AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH OF THEIR PERSON

20. Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

21. Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

22. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiffs' person violated their Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiffs' rights by subjecting them to an unlawful search of their person without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights. Accordingly, Defendant Officers is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFFS AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT

23. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place

24. Defendant Officers intended to confine Plaintiffs within boundaries fixed by Defendant Officers.

25. Defendant Officers confined Plaintiffs within fixed boundaries.

26. Plaintiffs were conscious of the confinement and/or harmed by it.

27. Defendant Officers violated the law by falsely imprisoning Plaintiffs.

28. Plaintiffs were damaged emotionally and otherwise from the unlawful acts of

Defendant Officers.

29. The City of Chicago is liable pursuant to *respondeat superior*.

30. The imprisonment of Plaintiffs was unnecessary and unreasonable, therefore, violating state law. Thus, Defendant Officers are liable to Plaintiffs.

**WHEREFORE**, Plaintiffs DOUGLAS THIGPEN and MYRON ROCKETT, by and through their attorneys, ED FOX & ASSOCIATES, LTD., request judgment as follows:

1. That Defendants pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants pay Plaintiffs' special damages;

3. That Defendants pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendant Officers pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com